## BEITH v. BEITH.

Deed: GIFT: CONSIDERATION: UNDUE INFLUENCE. Defendant and her husband, by industry and economy, had acquired certain land. The husband died without issue, and the land descended in equal shares to plaintiff, who was his mother, and the defendant. Plaintiff was advised and urged by a daughter to convey her share to defendant, on the ground that she ought to enjoy the whole of the property left by her husband. Plaintiff did convey her share to defendant. *Held* that the relations of the parties constituted a good consideration for a gift of this kind, and that it could not be set aside on the ground of undue influence,—there being no evidence of any deception or coercion practiced upon her.

*Appeal from Buchanan District Court.*—HON. C. F. COUCH, Judge.

FILED, JANUARY 22, 1889.

ACTION in chancery to set aside a deed made without consideration, and procured by the persuasion and importunities of persons acting for the grantee in the deed. Upon a trial on the merits plaintiff's petition was dismissed. She now appeals.

*Woodward & Cook*, for appellant.

*W. G. & J. B. Donnan*, for appellee.

BECK, J.—The defendant is the widow of plaintiff's deceased son, who with his wife, through industry and economy, acquired the land in controversy,—one hundred and sixty acres,—which was cultivated by them as a farm, and occupied by them as a home, up to the time of the husband's death. He left no children. The plaintiff and defendant inherited the land. Through the persuasion of a daughter, the sister of defendant's deceased husband, the plaintiff, executed a quitclaim deed to defendant for the land. No consideration was paid. Plaintiff insists that by over-persuasion and importunities she was induced to execute the deed. The relation existing between parties constitutes a good consideration, which will support the deed. The defendant is the widow of plaintiff's deceased son. She had aided him in earning the property. These facts raise a presumption of affection possessed for defendant by plaintiff, and a desire that defendant should have and enjoy the property left by her husband. A voluntary gift of this kind, based upon a good consideration, will be supported as between the parties, when rights of creditors do not intervene. We think the evidence shows that the deed was plaintiff's free act. It is true that she was advised—urged—by her daughter to make it, who pressed upon her mother the claims of her son's wife to all of his property. She understood that the title to half of the land was vested in her. There was no deception—no coercion—practiced towards her. The plaintiff possessed common intelligence, was not of

extreme age, and was in good health.    We think she pre-
sents no legal or equitable grounds requiring or justifying
the courts to annul her deed.    The judgment of the
district court is                                    AFFIRMED.